In the Matter of IRVING V. A. HUIE et al., Constituting the Board of Water Supply of the City of New York, Relative to Acquiring Title to Real Property for and on Behalf of the City of New York, in Delaware County, for the Purpose of Providing Additional Water for the City of New York. TOWN OF ANDES et al., Appellants; CITY OF NEW YORK, Respondent.— Appeal from an order of the Supreme Court, Special Term, entered in Delaware County. In connection with the construction by the City of New York of a large water supply reservoir in Delaware County, Special Term, by orders made in 1947, approved the proposed location of substitute highways and directed the city to construct said highways and, using the language of the statute, directed the city to "repair and forever maintain such additional highways" except such as shall be part of any State route (Administrative Code of City of New York, § K41–37.0, subd. a). After the construction of the substitute highways, a dispute arose between the City of New York and two towns located in Delaware County concerning the alleged duty of the city to remove snow and ice from certain of the substitute highways passing through these towns. In 1954, by motion, the two towns sought an order amending the 1947 orders "specifically to require

that the City of New York shall repair, forever maintain, and forever maintain free from snow, ice and the effects thereof, the substituted highways * * * or in the alternative specifically to compel the said City of New York to maintain said substituted highways free from snow, ice and the effects thereof". It is from a denial of the motion that the two towns, appellants herein, appeal. The Supreme Court is authorized to correct at any time any defect or informality in any pleading or proceeding brought in connection with the construction by the city of a water supply reservoir. (Administrative Code of the City of New York, § K41–24.0.) However, we do not view the 1947 orders as containing any defect or informality since, in setting forth the city's duties after the construction of the substitute highways, the orders contain the exact language of the statute. Neither do we view as proper procedure the bringing of a motion unconnected with any action or proceeding to attempt to compel the city to "maintain said substituted highways free from snow, ice and the effects thereof". Appellants, if so advised, should seek a determination of the controversy through an action or proceeding. We note from the record that the attorney for the appellants appeared of counsel for the corporation counsel of the City of New York when the 1947 orders were obtained on behalf of the city. We suggest that he examine the advisability of now representing an interest which could be construed as adverse to that which he formerly represented. (See Canon 6 of the Canons of Professional Ethics.) Order unanimously affirmed, with $10 costs. Present — Foster, P. J., Bergan, Coon, Imrie and Zeller, JJ.